UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-cv-78

```
ESTES EXPRESS LINES,      )
INC., a Virginia          )
Corporation               )
     Plaintiff,           )
                          )
          v.              )
                          )
ULTRACLEAR COATINGS,      )
INC., a North Carolina    )
Corporation, DOE          )
CORPORATION 1-10,         )
JOHN DOES 1-10            )
     Defendants.          )
_____)
```

## ORDER

**THIS MATTER** is before the Court on "Plaintiff's Amended Motion for Default Judgment Against Defendant Ultraclear Coatings, Inc." (Doc. 14) filed December 23, 2010.

Plaintiff Estes Express Lines, Inc. ("Estes Express") is a Virginia corporation that is a common carrier by motor vehicle of commodities generally and is an interstate carrier of such commodities. Plaintiff alleges, upon information and belief, that Defendant Ultraclear Coatings, Inc. ("Ultraclear Coatings") is a North Carolina corporation doing business throughout the state of North Carolina. Subject matter jurisdiction is proper as Plaintiff alleges that this action arises pursuant to Title 49 of

the United States Code, which pertains to the transportation of freight by motor vehicle.

On February 18, 2010, Clint Edwards filed a Motion for Extension of Time to Answer the Complaint (Doc. 8) wherein Mr. Edwards identified himself as a representative of Ultraclear Coatings and requested "an extension of time in which to hire an attorney and prepare a counter suite [sic]." On February 25, 2010, Magistrate Judge David Cayer entered an Order granting Defendant's Motion for Extension of Time to Answer the Complaint (Doc. 9). In the Order, Magistrate Judge Cayer instructed Mr. Edwards and Ultraclear "that a corporation may appear in federal courts only through licensed counsel." *Id.* The Order also noted that unpublished case law in the Fourth Circuit has affirmed the entry of default judgments against pro se corporations that fail to retain counsel. *Id.* (citing *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (table) 1998 WL 112719 , *1 (4th Cir. 1998)("almo st every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel"); *see also Rhino Assoc., L.P. v. Berg. Manuf. & Sales Corp.*, 2008 U.S. Dist. LEXIS 2379 (M.D. Pa. 2008) (granting default judgment against corporate defendant where court allowed counsel to withdraw, set a deadline for retaining replacement counsel, and defendant did not comply)).

Despite the plain language of the Order, as of the date of this Order no counsel has appeared for Defendant Ultraclear Coatings.

On August 3, 2010, Plaintiff filed a Motion for Entry of Default (Doc. 11) and Motion for Entry of Default Judgment against Defendant Ultraclear Coatings (Doc. 12). On December 23, 2010, pursuant to Rule 55(a) the Clerk of the United States District Court for the Western District of North Carolina issued an Entry of Default against Defendant Ultraclear Coatings (Doc. 13). On December 23, 2010, Plaintiff filed an Amended Motion for Default Judgment as to Defendant Ultraclear Coatings (Doc. 14). Also on December 23, 2010, Plaintiff filed a Notice of Voluntary Dismissal of Doe Corporations 1-10 and John Does 1-10 (Doc. 15).

**IT APPEARING** from a review of the materials submitted by Plaintiff that Defendant Ultraclear Coatings is not under any disability and has failed to plead in the time allowed; that an Entry of Default was properly issued by the Clerk; and that Defendant Ultraclear Coatings is indebted to Plaintiff in the sum of THIRTY-FIVE THOUSAND EIGHT HUNDRED EIGHTEEN AND 27/100 DOLLARS ($35,818.27).

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff have and recover of Defendant Ultraclear Coatings the sum of THIRTY-FIVE THOUSAND EIGHT HUNDRED EIGHTEEN AND 27/100 DOLLARS ($35,818.27), plus pre-judgment interest, calculated at the legal rate of interest.

Signed: April 21, 2011

Richard L. Voorhees
United States District Judge